Hope Pordy
Elizabeth Sprotzer
SPIVAK LIPTON LLP
1700 Broadway
New York, New York 10019
Tel: (212) 765-2100
Fax: (212) 541-5429
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOKLASUR RAHMAN and ANWARA BEGUM<br><br>                                  Plaintiffs,<br><br>                                v.<br><br>TAJ OF INDIA INC., d/b/a TAJ KABAB KING and AFSOR UDDIN,<br><br>                                  Defendants. | **FIRST AMENDED COMPLAINT** |

Plaintiffs Moklasur Rahman and Anwara Begum through their attorneys, Spivak Lipton LLP, allege as follows:

## NATURE OF ACTION

1.    This action seeks monetary, declaratory and injunctive relief to redress violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq.; the New York Labor Law ("NYLL"), §§ 190, 650 et seq.; and supporting regulations. Defendants have willfully engaged in violations of the FLSA and NYLL by: (a) failing to pay Plaintiffs wages at the minimum hourly rate required under federal and state law, (b) failing to pay Plaintiffs overtime compensation at one and one-half times their regular rate of pay for time worked in excess of 40 hours, (c) failing to pay Plaintiffs "spread of hours pay" as required by N.Y.

1

Comp. Codes R. & Regs tit. §142-2.4, or alternatively, N.Y. Comp. Codes R. & Regs tit. § 146-1.6, for each day of work which Plaintiffs' spread of hours exceeded ten, (d) failing to provide wage notices and wage statements as required by NYLL §§ 195(1) and 195(3), and (e) retaliating against Plaintiffs for filing the Complaint by threatening and harassing Plaintiff Rahman in violation of the FLSA, 29 U.S.C. § 215(a)(3), and NYLL § 215(1)(a).

2. Defendants employed Plaintiffs to work as a cook and kitchen helper in the kitchen at Taj Kabab King, located at 568 Grand Street in Brooklyn, New York. Throughout their employment, Plaintiffs were required to work six and seven days per week, twelve hours or more per day. Defendants paid each Plaintiff $200 per week. Plaintiffs bring this action to recover their unpaid minimum wage, overtime compensation, spread of hours pay, compensatory damages for unlawful retaliation, and liquidated damages pursuant to the FLSA and NYLL.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the FLSA claims of Plaintiffs pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337.

4. Pursuant to 29 U.S.C. § 216(b), Plaintiffs consented in writing to become parties to this lawsuit. Plaintiffs' executed consent forms are attached hereto as **Exhibit A**.

5. This Court has jurisdiction over the NYLL claims of Plaintiffs pursuant to 28 U.S.C. § 1367(a), because these claims are so closely related to the FLSA claims of Plaintiffs as to form parts of the same case or controversy under Article III of the United States Constitution.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

7. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## PARTIES

**Plaintiffs**

8. Plaintiff Moklasur Rahman is an adult individual residing in New York, New York. He was employed as a cook at Taj Kabab King, a restaurant located at 568 Grand Street, Brooklyn, New York, 11211, from in or around October 2010 until on or around September 1, 2019.

9. Plaintiff Anwara Begum is an adult individual residing in New York, New York. She was employed as a kitchen helper at Taj Kabab King, a restaurant located at 568 Grand Street, Brooklyn, New York, 11211, from in or around March 2015 until on or around September 1, 2019.

**Defendants**

10. Defendant Taj of India Inc. d/b/a Taj Kabab King ("Taj Kabab king") is a restaurant located at 568 Grand Street, Brooklyn, New York, 11211. Taj Kabab King is a domestic business corporation registered as doing business in New York, with its principal office listed in Brooklyn, NY.

11. Upon information and belief, Afsor Uddin is the chief executive officer, owner, principal and/or manager of Taj Kabab King.

12. Upon information and belief, Taj Kabab King is an enterprise engaged in commerce in that it (i) has had employees engaged in commerce or in the production of goods for commerce or who handle, sell or otherwise work on goods or materials that have been

moved in or produced for commerce by any person; and (ii) has had an annual gross volume of sales of not less than $500,000 exclusive of excise taxes. 29 U.S.C. § 203(s)(1)(A).

**Owner/Operator Defendants**

13. Upon information and belief, Defendant Afsor Uddin owns all or part of Taj Kabab King.

14. Defendant Afsor Uddin is sued individually in his capacity as employer.

15. Upon information and belief, at all relevant times, Defendant Afsor Uddin has directed the operation of and exercised financial control over Taj Kabab King.

16. Upon information and belief, at all relevant times, Afsor Uddin has promulgated the employment policies of Taj Kabab King.

17. Upon information and belief, at all relevant times, Afsor Uddin has exercised direct control over Plaintiffs' employment at Taj Kabab King, by directing the work of Plaintiffs, overseeing the computation and distribution of the wages of Plaintiffs and the making of employee schedules.

18. Upon information and belief, at all relevant times, Afsor Uddin has had the power to hire and fire Plaintiffs.

19. Upon information and belief, at all relevant times, Defendant Afsor Uddin has had the power to control the terms and conditions of the employment of Plaintiffs, including the hours of work, meals, breaks and duties.

20. At all relevant times, Defendant Afsor Uddin has had the power to determine or change the rate and methods of compensation of Plaintiffs.

21. At all relevant times, Defendant Afsor Uddin has had the power to maintain employment records concerning Plaintiffs and to comply with wage and hour laws.

## STATEMENT OF FACTS

22. At all relevant times, Defendants were employers of Plaintiffs within the meaning of the FLSA, the NYLL and supporting regulations. 29 U.S.C. § 203(d), N. Y. Lab. Law §§ 190(3) and 651(6).

23. At all relevant times, Plaintiffs were employees of and employed by Defendants, and Plaintiffs were permitted to work by Defendants within the meaning of the FLSA and NYLL.  29 U.S.C. § 203(e), and NYLL § 651(5).

24. All of the work performed by Plaintiffs was assigned, required and/or permitted by Defendants.

25. At all relevant times, Defendants have failed to keep full and accurate records of Plaintiffs' hours and wages as required by the FLSA, 29 C.F.R. § 516.5 to 516.6 and NYLL, N.Y. Comp. Codes R & Regs. Tit. 12, § 146-2.1.

26. Plaintiff Moklasur Rahman was employed as a cook at Taj Kabab King from approximately October 2010 until on or around September 1, 2019.

27. From October 2010 to approximately December 2011, Plaintiff Rahman worked from 11:00 a.m. to 11:00 p.m., seven days per week. From approximately January 2012 to January 2013, Rahman worked from 11:00 a.m. to approximately 2:00 a.m., seven days per week. From approximately January 2013 to September 1, 2019, Rahman worked from 11:00 a.m. to 3:30 a.m. or 4:00 a.m., seven days per week.

28. Beginning around January 2013, Taj Kabab King extended its hours of operations to accept delivery orders from approximately 11:30 a.m. until approximately 3:30 a.m. or 4:00 a.m.

29. Plaintiff Rahman's duties included but were not limited to preparing ingredients and cooking vegetables, meat, rice, curries and sauces. Plaintiff prepared dishes for the large volume of delivery orders at Taj Kabab King.

30. Customers order food delivery from Taj Kabab King through phone orders and online ordering platforms, including but not limited to, Seamless, Grubhub, Uber Eats, DoorDash, delivery.com, Grubhub, Postmates, and EatStreet.

31. Throughout his employment, Plaintiff Rahman was paid $200 per week.

32. Defendant Afsor Uddin told Plaintiff Rahman that he would receive an ownership interest in Taj Kabab King. However, Plaintiff never received an ownership interest in the restaurant.

33. Plaintiff Anwara Begum was employed as a kitchen helper at Taj Kabab King from in or around March 2015 until on or around September 1, 2019.

34. Throughout her employment, Plaintiff Begum worked from 11:00 a.m. to 11:00 p.m., six days per week. She was typically off of work on Mondays.

35. Plaintiff Begum's duties included but were not limited to preparing food items, including chopping vegetables, retrieving supplies from the basement of the restaurant, washing dishes, and cleaning the kitchen, including mopping the floors and cleaning counter tops.

36. Throughout her employment, Plaintiff Begum was paid $200 per week.

37. Although Plaintiffs were required, and suffered and permitted, to work approximately 72 to 119 hours per week, they received no overtime compensation for hours worked in excess of 40 hours per week.

38. Defendants paid Plaintiffs in cash throughout their employment.

39. Throughout their employment, Defendants did not provide Plaintiffs with designated meal breaks and they did not take 30 minute meal breaks.

40. Plaintiffs engaged in protected activity by filing the Complaint in this action on October 21, 2019.

41. On Monday, March 9, 2020, the parties and counsel met and conferred in person in an effort to settle this matter pursuant to the Court's Initial Pretrial Discovery and Mediation Schedule Order (Dkt. No. 11).

42. The night of Monday, March 9, into the early morning of March 10, 2020, Plaintiff Moklasur Rahman was approached by Defendant Afsor Uddin near the restaurant where Mr. Rahman works in Brooklyn, New York.

43. Upon information and belief, Uddin has an ownership interest in a restaurant near where Mr. Rahman works.

44. Uddin began aggressively cursing at Mr. Rahman, yelling at him as to why he brought this lawsuit and threatening him.

45. Mr. Rahman was afraid that Uddin was going to physically attack him and ran. Defendant Uddin followed behind him, until members of Uddin's family who were in his restaurant, physically restrained Uddin from pursuing Mr. Rahman.

46. Based on Defendant Uddin's actions and the proximity of Mr. Rahman's workplace to Uddin's restaurant, Mr. Rahman continues to fear for his safety.

47.     Mr. Rahman reported this incident to the police.

48.     Upon information and belief, Defendant Uddin's actions were designed to harass and intimidate Plaintiffs. Plaintiffs are at risk of irreparable harm by the Defendant's actions, including deterrence from pursuing this action, emotional distress and a chilling effect on any potential witnesses.

## KNOWING AND INTENTIONAL ACTS

49.     Plaintiffs repeat and reallege all of the paragraphs above.

50.     At all relevant times, Defendants failed to pay Plaintiffs the minimum hourly rate under the FLSA and/or the NYLL for all hours worked.

51.     At all relevant times, Defendants failed to pay Plaintiffs overtime pay for hours they worked in excess of forty in a week at the appropriate rate under the FLSA and/or the NYLL.

52.     At all relevant times, Defendants failed to pay Plaintiffs spread of hours pay for each day of work that exceeded ten hours under the N.Y. Comp. Codes R. & Regs. tit.12 § 146-1.6.

53.     Defendants have knowingly, intentionally and willfully committed the acts alleged herein.

54.     Defendants have not acted in good faith.

55.     Defendants have known that the nonpayment of minimum wage, overtime pay and spread of hours pay would financially injure Plaintiffs.

56.     The regulations promulgated under the FLSA and the NYLL require an employer to maintain in the workplace a conspicuous display containing notices of employees' rights to

receive the minimum wage and overtime at the rate of one-and-one-half times their regular rate of pay. 29 C.F.R. § 516.4; 12 N.Y. Comp. Codes R. & Regs. tit. § 146-2.4.

57. Defendants did not maintain in the workplace a conspicuous display containing notices of employees' right to receive the minimum wage and overtime pay at all times and in Defendants' restaurant.

58. Defendants did not provide Plaintiffs at the time of hiring with a written statement of their hourly rate of pay, overtime rate of pay, and regular pay day.

59. Defendants have failed to maintain contemporaneous, true and accurate payroll records.

### FIRST CAUSE OF ACTION (FLSA: MINIMUM WAGE VIOLATION)

60. Plaintiffs repeat and reallege all of the paragraphs above.

61. At all relevant times, Section 6 of the FLSA, 29 U.S.C. § 206, required Defendants to pay a minimum hourly wage to Plaintiffs.

62. Throughout their employment, Defendants failed to pay Plaintiffs the applicable minimum hourly wage for every hour in each week that Plaintiffs worked, in violation of Section 6 of the FLSA, 29 U.S.C. § 206.

63. Defendants' failure to pay Plaintiffs the proper minimum wage violates 29 U.S.C. § 201 et seq.

64. Defendants' FLSA violations were willful within the meaning of 29 U.S.C. § 255(a).

65. As a result of Defendants' violations, Plaintiffs are entitled to recover from Defendants their unpaid minimum wages, liquidated damages, pre- and post-judgment

interest, as well as reasonable attorneys' fees and costs of the action, all in an amount to be determined at trial. 29 U.S.C. § 216(b).

### SECOND CAUSE OF ACTION (FLSA: OVERTIME VIOLATION)

66. Plaintiffs repeat and reallege all of the paragraphs above.

67. The FLSA requires that Defendants pay overtime at a rate of one-and-one-half times the regular rate of pay for each hour of work over forty hours in a week. 29 U.S.C. § 207.

68. Defendants did not pay Plaintiffs overtime pay for the hours they worked in excess of forty in a week.

69. Defendants' failure to pay Plaintiffs overtime for each hour worked over forty in a week violates 29 U.S.C. § 201 et seq.

70. Defendants' FLSA violations were willful within the meaning of 29 U.S.C. § 255(a).

71. As a result of Defendants' violations, Plaintiffs are entitled to recover from Defendants their unpaid overtime wages, liquidated damages, pre- and post-judgment interest, as well as reasonable attorneys' fees and costs of the action, all in an amount to be determined at trial. 29 U.S.C. § 216(b).

### THIRD CAUSE OF ACTION (N.Y. LAB. LAW: MINIMUM WAGE)

72. Plaintiffs repeat and reallege all of the paragraphs above.

73. At all times relevant to this action, the NYLL § 652 required employers in the restaurant industry to pay a minimum hourly wage. N.Y. Comp. Codes R. & Regs tit. 12, §

137-1.2, as amended effective January 1, 2011, by N.Y. Comp. Codes R. & Regs tit. 12, § 146-1.2 (2010), and as amended effective December 31, 2016, by N.Y. Comp. Codes R. & Regs tit. 12, § 146-1.2.

74. Throughout their employment, Defendants failed to pay Plaintiffs the applicable minimum hourly wage for every hour in each week that Plaintiffs worked, in violation of N.Y. Lab. Law § 652 and N.Y. Comp. Codes R. & Regs. tit. 12, 137-1.2, as amended effective January 1, 2011, by N.Y. Comp. Codes R. & Regs tit. 12, §§ 146-1.2 (2010), and as amended effective December 31, 2016, by N.Y. Comp. Codes R. & Regs tit. 12, § 146-1.2 (2016).

75. Said violations were not in good faith within the meaning of NYLL §§ 198.1-a and 663.

76. As a result of Defendants' violations, Plaintiffs are entitled to recover from Defendants their unpaid minimum wages, liquidated damages, pre- and post-judgment interest, as well as reasonable attorneys' fees and costs of the action, all in an amount to be determined at trial. NYLL § 663.

**FOURTH CAUSE OF ACTION (N.Y. LAB. LAW: OVERTIME VIOLATION)**

77. Plaintiffs repeat and reallege all of the paragraphs above.

78. The NYLL requires that employers in the restaurant industry pay employees overtime compensation at the rate of one and one-half times the regular rate of pay for each hour of work over forty hours in one work week. NYLL § 650 et seq., N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.3, as amended effective January 1, 2011, by N.Y. Comp. Codes R. & Regs tit. 12, § 146-1.4 (2010), and as amended effective December 31, 2016, by N.Y. Comp. Codes R. & Regs tit. 12, § 146-1.4 (2016).

79. Throughout their employment, Plaintiffs regularly worked over forty hours per week.

80. Nonetheless, Defendants failed to pay Plaintiffs overtime compensation at the applicable overtime rate for every hour Plaintiffs worked in excess of forty hours, as required by the NYLL. NYLL § 650 et seq. and N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.3, as amended effective January 1, 2011, by N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4 (2010), and as amended effective December 31, 2016, by N.Y. Comp. Codes R. & Regs tit. 12, § 146-1.4 (2016).

81. Said violations were not in good faith within the meaning of NYLL §§ 198.1-a and 663.

82. As a result of Defendants' violations, Plaintiffs are entitled to recover from Defendants their unpaid overtime wages, liquidated damages, pre- and post-judgment interest, as well as reasonable attorneys' fees and costs of the action, all in an amount to be determined at trial. NYLL § 663.

### FIFTH CAUSE OF ACTION
### (N.Y. LABOR LAW – SPREAD OF HOURS)

83. Plaintiffs reallege and reincorporate by reference all preceding paragraphs.

84. Defendants failed to provide to Plaintiffs an additional hour of pay for days in which Plaintiffs spread of hours exceeded ten, in violation of the New York Labor Law. N.Y. Comp. Codes R. & Regs. tit. 12 § 146-1.6.

85. As a result of Defendants' violations, Plaintiffs are entitled to recover from Defendants their unpaid spread of hours wages, liquidated damages, pre- and post-judgment

interest, as well as reasonable attorneys' fees and costs of the action, all in an amount to be determined at trial. NYLL § 663.

### SIXTH CAUSE OF ACTION (N.Y. LABOR LAW: FAILURE TO PROVIDE NOTICE AND WAGE STATEMENTS)

86. Plaintiffs repeat and reallege all of the paragraphs above.

87. Defendants failed to provide to Plaintiffs wage and hour notices at the beginning of their employment as required by NYLL § 195(1) and 195(3); N.Y. Comp. Codes R. & Regs. tit. 12 § 146-2.2.

88. As a result of Defendants' violations of NYLL §§ 195(1) and (3), Plaintiffs may recover damages of fifty dollars for each workweek Defendants failed to provide Plaintiffs with a wage notice, from April 2011 through February 5, 2015, and $50 per day thereafter, not to exceed a total of five thousand dollars, and one hundred dollars for each workweek for failure to provide a wage statement in violation of NYLL § 195(3) from April 2011 through February 5, 2015, and $50 per day thereafter, not to exceed a total of five thousand dollars, together with costs and reasonable attorney's fees in accordance with NYLL § 198.

### SEVENTH CAUSE OF ACTION (UNJUST ENRICHMENT)

89. Plaintiffs repeat and reallege all of the paragraphs above.

90. Defendants have been unjustly enriched by withholding wages rightfully belonging to Plaintiffs in violation of the FLSA and New York Labor Law.

91. Under equity and good conscience, Defendants must make restitution to Plaintiffs of those unlawfully withheld wages in an amount as yet undetermined plus damages.

## EIGHTH CAUSE OF ACTION (FLSA: RETALIATION)

92. Plaintiffs repeat and reallege all of the paragraphs above.

93. Plaintiffs attempted to enforce their rights under the FLSA by filing a complaint regarding wage and hour violations.

94. Plaintiffs' actions are protected activity under the FLSA.

95. Defendants retaliated against Plaintiffs for filing the Complaint by threatening and harassing Plaintiff Rahman in violation of 29 U.S.C. § 215(a)(3).

96. Plaintiffs are entitled to equitable relief, monetary relief including but not limited to liquidated damages, compensatory damages, reasonable attorneys' fees and costs, and other appropriate relief. 29 U.S.C. § 216(b).

## NINTH CAUSE OF ACTION (NYLL: RETALIATION)

97. Plaintiffs repeat and reallege all of the paragraphs above.

98. Plaintiffs attempted to enforce their rights under the NYLL by filing a complaint regarding wage and hour violations.

99. Plaintiffs' actions are protected activity under the NYLL.

100. Defendants retaliated against Plaintiffs for filing the Complaint by threatening and harassing Plaintiff Rahman in violation of NYLL § 215(1)(a).

101. Notice of this claim has been served upon the Attorney General pursuant to NYLL § 215(2).

102. Plaintiffs are entitled to equitable relief, monetary relief including but not limited to liquidated damages, compensatory damages, reasonable attorneys' fees and costs, and other appropriate relief. NYLL § 215(2).

**DEMAND FOR JURY TRIAL**

103. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby demand that their claims be tried before a jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request the following relief:

(a) A judgment declaring that each Defendant's conduct complained of herein violated Plaintiffs' rights guaranteed by the FLSA, the New York Labor Law, and associated regulations and orders;

(b) An injunction against Defendants and any of their representatives from engaging in each of the unlawful practices, policies and patterns described in the causes of action set forth in this Complaint;

(c) A judgment for Plaintiffs against Defendants jointly and severally for compensation for unpaid minimum wage and overtime due each Plaintiffs under Sections 6 and 7 of the FLSA and an additional equal amount as liquidated damages;

(d) A judgment for Plaintiffs and against Defendants jointly and severally for compensation for unpaid minimum wage and overtime due Plaintiffs under the New York Labor Law, and, as liquidated damages, an additional amount equal to 100% of the total monies due to Plaintiffs;

(e) A judgment for Plaintiffs and against Defendants jointly and severally for failure to pay spread of hours pay, and an additional amount as liquidated damages;

(f) A judgment for Plaintiffs and against Defendants jointly and severally for fifty dollars for each workweek that Defendants failed to provide a Wage Notice in violation of NYLL § 195(1) from April 2011 through February 5, 2015, and $50 per day thereafter;

(g) A judgment for Plaintiffs and against Defendants jointly and severally for one hundred dollars for each workweek that Defendants failed to provide a wage statement in violation of NYLL § 195(3) from April 2011 through February 5, 2015, and $50 per day thereafter;

(h) A judgment for Plaintiffs and against Defendants jointly and severally for attorney's fees and costs pursuant to 29 U.S.C. § 216(b) and New York Labor Law §§ 198 and 663;

(i) Liquidated damages under the FLSA for retaliation, 29 U.S.C. § 216(b);

(j) Liquidated damages under the NYLL for retaliation, NYLL. § 215(1)(b);

(k) Compensatory damages for the emotional distress, pain and suffering caused by Defendant Uddin's retaliatory actions against the Plaintiffs;

(l) Pre-judgment and post-judgment interest; and

(m) Such other and further relief that the Court deems just and proper.

Dated:  New York, New York
        March 25, 2020

        Respectfully submitted,

         /s/ Hope Pordy
        Hope Pordy
        hpordy@spivaklipton.com
        Elizabeth Sprotzer
        esprotzer@spivaklipton.com
        SPIVAK LIPTON LLP
        1700 Broadway, 21st Floor
        New York, New York 10019
        Tel: (212) 765-2100
        Fax: (212) 765-8954
        *Attorneys for Plaintiffs*