# SPIVAKLIPTON LLP
ATTORNEYS AT LAW

Hope Pordy
hpordy@spivaklipton.com
1700 Broadway
New York, NY 10019
T 212.765.2100
F 212.765.8954
spivaklipton.com

March 28, 2022

**VIA ECF**
Honorable James R. Cho
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *Rahman, et al. v. Taj of India, Inc., d/b/a Taj Kabab King, et al*.
Case No. 19-cv-05922 (KAM)(JRC)

Dear Judge Cho:

The parties to the above captioned matter hereby jointly seek to notify the Court that they have agreed to settle the above-referenced action brought under the Fair Labor Standards Act (FLSA) and New York Labor Law (NYLL) and seek the Court's approval of the Settlement Agreement in accordance with *Cheeks v. Freeport Pancake House, Inc*., 796 F.3d 199 (2d Cir. 2015).  The parties respectfully request that the Court approve the Settlement Agreement, a signed copy of which is attached hereto as **Exhibit 1**.

### Background and Procedural History

Plaintiffs Moklasur Rahman and Anwara Begum (collectively referred to herein as "Plaintiffs") asserted claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, the New York Labor Law ("NYLL") §§ 190, 650 *et seq.* and supporting regulations.  Plaintiffs' FLSA/NYLL claims arise out of work performed by Plaintiffs for Defendants at Defendants' restaurant, Taj of India Inc., d/b/a Taj Kabab King (hereinafter "Taj Kabab"). Plaintiffs filed this action on October 21, 2019, with various causes of action for wage and hour and notice violations and an Amended Complaint was filed on March 25, 2020. (Dkt. 1, 15). Defendants filed their Answer to the Amended Complaint on April 15, 2020. (Dkt. 16).

Specifically, Plaintiffs allege that Defendants willfully engaged in violations of the FLSA and NYLL by: (a) failing to pay Plaintiffs wages at the minimum hourly rate required under federal and state law, (b) failing to pay Plaintiffs overtime compensation at one and one-half times their regular rate of pay for time worked in excess of 40 hours, (c) failing to pay Plaintiffs "spread of hours pay" as required by N.Y. Comp. Codes R. & Regs tit. §142-2.4, or alternatively, N.Y. Comp. Codes R. &

Regs tit. § 146-1.6, for each day of work which Plaintiffs' spread of hours exceeded ten, (d) failing to provide wage notices and wage statements as required by NYLL §§ 195(1) and 195(3), and (e) retaliating against Plaintiffs for filing the Complaint by threatening Plaintiff Rahman in violation of the FLSA, 29 U.S.C. § 215(a)(3), and NYLL § 215(1)(a).

Plaintiff Rahman was employed by Defendants as a cook at Taj Kabab King from approximately October 2010 through September 1, 2019. Plaintiff Begum was employed by Defendants as a kitchen helper at Taj Kabab King from approximately 2013 until on or around September 1, 2019. Plaintiffs alleged that they were required to work six and seven days per week, twelve hours or more per day, and that Defendants failed to pay Plaintiffs the statutory minimum wage or overtime compensation for all hours worked in excess of forty per week. Additionally, Plaintiffs alleged that Defendants failed to pay "spread of hours" pay when Plaintiffs worked in excess of ten (10) hours per day, failed to provide wage notices to Plaintiffs at the time of hiring and/or changes to their wage rates and failed to provide the requisite wage statements with each payment of wages.

The parties engaged in extensive discovery exchanging documents and Interrogatories, and participating in depositions of all parties. Discovery closed on October 25, 2021. The parties filed pre-summary judgment motion papers pursuant to Judge Matsumoto's Individual Rules beginning December 3, 2021 (Dkt. 54-65). A pre-motion conference was held before Judge Matsumoto on February 7, 2022. The Court ordered the parties to serve their respective summary judgment motions on the issues contemplated by February 28, 2022 and reserved June 13, 2022 for trial.

### Bona Fide Disputes and Settlement Efforts

On March 9, 2020, the parties met to discuss settlement pursuant to the Court's Initial Discovery Order. On May 7, 2020, the parties participated in mediation. The parties thereafter participated in settlement conferences before Judge Kuo on June 8 and July 14, 2020, and before Your Honor on September 21, 2021 and February 24, 2022.

Defendants vigorously denied, and still deny, Plaintiffs' allegations. Defendants contest the amount of hours that Plaintiff Rahman alleged that he worked as well as the amount that he was paid. Defendants deny that Plaintiff Begum ever worked for Defendants, and also dispute that Plaintiff Rahman was entitled to spread of hours pay based on the hours they allege he worked. In sum, Defendants intended to contest nearly every factual allegation and assert that Plaintiffs were owed no wages at all.

Plaintiffs' alleged damages based on their maximum recovery of unpaid overtime, minimum wages, spread of hours pay and wage notice/statement damages is approximately $641,326.50. Plaintiffs estimated damages is approximately $1,534,321 if both Plaintiffs succeeded on all of their claims at trial based on the hours and pay alleged, including liquidated damages and prejudgment interest. This figure assumes Plaintiffs would have prevailed on each and every point of fact and law. On the other hand, Defendants calculated Plaintiffs' total damages at $0 as they disputed that Plaintiff Begum was ever employed and allege that Plaintiff Rahman was paid above the minimum wage and that all wages due were included in his salary.

As set forth above, in light of a *bona fide* dispute regarding hours worked and wages actually paid to Plaintiff Rahman, as well as Plaintiff Begum's employee status, there was a significant risk

that Plaintiffs might not prevail on all claims and therefore, it was necessary to re-evaluate the potential value and success of all claims if the case went to trial. Defendants produced limited payroll records which they argued supported their claims. Although Plaintiffs maintain that these records are not accurate or complete, in the absence of accurate time records, Plaintiffs would have needed to establish through reasonable inference that the hours and wages they alleged are accurate. Defendants would have attempted to challenge Plaintiffs' credibility which they have done throughout this litigation.

Further, Defendants claim they cannot afford to pay anywhere near the claimed damages, and if Plaintiffs prevailed at trial they would not be able to collect on a judgment. *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) ("potential difficulty in collecting damages militates in favor of finding a settlement reasonable") (collecting cases); *Benavides v. Serenity Spa NY, Inc*., 2018 U.S. Dist. Lexis 88331, at *9 (S.D.N.Y. May 25, 2018) (same); *Meza v. 317 Amsterdam Corp*., 2015 U.S. Dist. Lexis 166890, at *3 (S.D.N.Y. Dec. 14, 2015) (approving settlement of 15% of amount owed due to collection and litigation risks).

Given the uncertainty of litigation, the limited resources of Defendants, the significant risk of collection even in the event of a favorable judgment, and in order to avoid increasing costs to both sides in preparing summary judgment motion papers and preparing for trial, the parties agreed that the proposed amount of Eighty Thousand Dollars and No Cents ($80,000.00) ("Settlement Amount") set forth in the Settlement Agreement is fair and reasonable. Attached as **Exhibit B** to the Settlement Agreement is a breakdown of the damages payable to Plaintiffs[1] and Plaintiffs' counsel in attorneys' fees and costs, along with the agreed upon payment schedule. The payments are secured with affidavits of judgment by confession, and if the Defendants fail to make any of the payments under the Agreement and do not cure the default, Plaintiffs shall be able to enter judgment in the full amount of $80,000 less amounts already paid.

### The Proposed Settlement Should Be Approved

The attached proposed Settlement Agreement ("the Agreement") warrants approval as it is fair, reasonable, and adequate. Indeed, the Agreement reflects a reasonable compromise of Plaintiffs' claims rather than a mere waiver of statutory rights brought about by Defendants' alleged violations of federal and state wage and hour laws. Plaintiffs were involved in all settlement discussions and participated in the settlement conferences before the Court, and therefore have been informed of the terms of the settlement including the overall amount to be paid by Defendants as well as the amount to be paid as attorneys' fees and costs, and have authorized settlement on such terms.

Plaintiffs are represented by competent counsel and the settlement amount constitutes a fair portion of what Plaintiffs may have been entitled to should they prevail at trial. Negotiations were conducted on an arm's length basis by Plaintiffs' counsel and counsel for the Defendants with the assistance of the Court. All parties were present at the settlement conference held before the Court on February 24, 2022 in which a settlement was reached. Therefore, the arm's length bargaining between the represented parties weighs in favor of finding a settlement reasonable. As noted above, the parties have gathered sufficient information to permit them to assess the strengths and weaknesses

---

[1] Plaintiffs Moklasur Rahman and Anwara Begum are married, and have agreed that all payments shall be made payable to Plaintiff Rahman.

of the asserted claims and their respective positions. *See, e.g., Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) ("In considering whether a settlement is fair and reasonable, the principal question is whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.")(internal quotation marks and citations omitted); *Cano v. Nineteen Twenty Four, Inc.*, 2017 U.S. Dist. Lexis 228055, at *15 (E.D.N.Y. April 24, 2017) (Courts typically "regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement.")(citation and internal quotations omitted).

Furthermore, settling this matter now will avoid incurring the additional costs of litigation on both sides as well as the significant time required for trial preparation. Lastly, the parties agree that the settlement amount is a reasonable compromise of all parties' positions and the proposed settlement regarding attorneys' fees is also fair and reasonable.

### **Discussion of Plaintiffs' Attorneys' Fees**

Under both the FLSA and NYLL, Plaintiffs are entitled to recover attorneys' fees and costs in regards to Plaintiffs' wage claims. Plaintiffs' counsel will receive Thirty-One Thousand Five Hundred Sixty-Two Dollars and Forty-Six Cents ($31,562.46), which amounts to approximately 33 1/3% percent of the Settlement Amount, inclusive of costs associated with the action (typically the costs are deducted prior to the contingency fee being applied).

Plaintiff's counsel represented Plaintiff on a contingency basis, and assumed the risk of receiving payment only if the case was successful. While the FLSA, 29 U.S.C. § 216(b), provides for fee-shifting if the plaintiff is the prevailing party, contingency fee agreements are common and routinely approved in the Second Circuit in FLSA cases, as the plaintiff's counsel assumes all of the risk in pursuing these cases. *See, e.g., Xiao v. Grand Sichuan Intn'l St. Marks, Inc.,* 2016 U.S. Dist. Lexis 99669, at *7 (S.D.N.Y. July 29, 2016) (approving 33% contingent fee of total recovery, including backpay, liquidated damages and fees); *Sewell v. Bovis Bend Lease LMB, Inc.*, 2012 U.S. Dist. Lexis 53556 (S.D.N.Y. April 16, 2013) (approving a 33% contingent fee); *Ma Zenif Entizar Intal v. Agustin*, 2022 U.S. Dist. Lexis 16084, at *8 (E.D.N.Y. Jan. 27, 2022) ("Courts in this Circuit routinely approve attorney's fees that represent one third the total settlement amount."). Plaintiffs' counsel's contingency fee based on the Settlement Amount is significantly less than the lodestar.

Plaintiffs' counsel's work consisted of: filing the Complaint; meeting with Plaintiffs throughout the litigation; conducting legal research; responding to Defendants' Interrogatories and Documents Requests and serving discovery requests on Defendants; reviewing Defendants' Responses to Plaintiff's Interrogatories and Document Requests; attending several settlement conferences, discovery conferences and a pre-summary judgment motion conference; filing pre-motion papers; conducting Defendant Afsor Uddin's deposition and defending the depositions of both Plaintiffs; and preparing the settlement papers. Further, Plaintiffs' counsel utilized a paralegal to prepare damages calculations and assist with the review of records to minimize attorney time and reduce billable attorney hours.

An Attorney Declaration accompanies this letter in further support of the payment for attorneys' fees and costs **(Exhibit 2)** with appended time and billing reports (**Exhibit A** to Declaration) and a copy of Plaintiffs' retainer agreement (**Exhibit B** to Declaration). Plaintiffs'

counsel billed at a rate of $465 per hour for Partner Hope Pordy and at a rate of $295 for Associate Elizabeth Sprotzer and billed for all hours worked that were reasonable and necessary in the context of this case. The billed rates are within the range of accepted rates for firms of comparable size and attorneys of similar experience handling employment matters in the Eastern District of New York. *Hall v. Prosource Techs., LLC*, 2016 U.S. Dist. Lexis 53791 (E.D.N.Y. April 11, 2016) (awarding hourly rate of $450 to plaintiffs' counsel with 15 years of experience); *Gray v. Toyota Motor Sales, U.S.A., Inc.,* 2013 U.S. Dist. Lexis 99113, at *15 (E.D.N.Y. July 16, 2013) (awarding hourly rate of $450 to partner with fifteen years of experience); *Sajvin v. Singh Farm Corp.*, 2018 U.S. Dist. Lexis 137485, at *23 (E.D.N.Y. Aug. 13, 2018) (noting that courts in the district have awarded rate of $450 for partners, $300 for associates; and awarding $500 for partner); *Rodriguez v. Yayo Rest. Corp.*, 2019 U.S. Dist. Lexis 144840, at *23 (E.D.N.Y. Aug. 23, 2019), *report and recommendation adopted*, 2019 U.S. Dist. Lexis 159937 (E.D.N.Y. Sept. 18, 2019) (awarding $450 for partners and $325 for associate). In FLSA collective action, Plaintiffs' counsel has been awarded $610 for partners per hour and $350 for Associates.[2]

Thus, Plaintiffs maintain that an award of $31,562.46 in attorneys' fees – which represents a negative .16 multiplier of the lodestar ($192,103.50) -- in addition to expenses in the amount of $7,380, is fair and reasonable. *See, e.g., Hall*, 2016 U.S. Dist. Lexis 53791, at *53-54 (*citing Gattinella v. Michael Kors (USA), Inc.*, 2016 U.S. Dist. Lexis 20419, at *2 (S.D.N.Y. Feb. 9, 2016) (applying 1.94 lodestar multiplier); *Fujiwara v. Sushi Yasuda*, 58 F. Supp. 3d 424, 438 (S.D.N.Y. 2014) (applying multiplier of 2.28 to the modified lodestar); *Alvarez v. Sterling Portfolio Inv. L.P.*, 2017 U.S. Dist. Lexis 206043, at *23 (E.D.N.Y. Dec. 13, 2017) (approving a lodestar multiplier of 1.36); *Castillo v. Cranes Express Inc.*, 2018 U.S. Dist. Lexis 210614, at *13 (discussing lodestar multiplier of 1.26 as a reasonable amount) (citing *Sakiko Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014) ("[A] multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases."). It also worth noting that in order to expedite payments to the clients Plaintiffs' counsel has agreed to defer a significant portion of the payment of fees until all payments have been made to Plaintiffs. (*See* Settlement Agreement, Exhibit B).

Accordingly, the parties respectfully request judicial approval of the parties' proposed Settlement Agreement. Upon full payment of the Settlement Amount (i.e. 24 months from the Court's approval as per Section 4 of the Settlement Agreement), Plaintiffs' counsel shall submit a stipulation of dismissal with prejudice consistent with the requirements of FRCP Rule 41(1) (a) (ii).

Thank you for your consideration of this request.

---

[2] *See also Gonzalez v. Scalinatella, Inc.*, 112 F.Supp. 3d 5 (S.D.N.Y. 2015)(approving $450 per hour rate for attorney admitted in 1998); *Eulogio Apolinario v. Luis Angie Deli Grocery*, Case 1:140-cv-2328-GHW (S.D.N.Y. July 27, 2015)(approving $450 per hour rate for attorney with "a decade of experience litigating employment actions in the federal courts"); *Lora v. J.V. Car Wash, Ltd.*, 2015 U.S. Dist. Lexis155954, at *15-20 (S.D.N.Y. Nov. 18, 2015) (approving $500 per hour rate for attorneys with 28 years of experience).

6 | P a g e

      Very truly yours,

      */s/ Hope Pordy*
      Hope Pordy, Esq.


Cc via ECF: Khalid M. Azam, Esq.,
      Azam & Hertz LLP