UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

MOKLASUR RAHMAN and ANWARA BEGUM

                              Plaintiffs,

                                              **19-cv-05922(KAM)(JRC)**

                    v.

TAJ OF INDIA INC., d/b/a TAJ KABAB KING and
AFSOR UDDIN,

                              Defendants.

---

## SETTLEMENT AGREEMENT & RELEASE

This SETTLEMENT AGREEMENT & RELEASE (the "AGREEMENT") is made and entered into between TAJ OF INDIA INC., d/b/a TAJ KABAB KING and AFSOR UDDIN (together the "DEFENDANTS") and MOKLASUR RAHMAN and ANWARA BEGUM (together "PLAINTIFFS"). DEFENDANTS and PLAINTIFFS are collectively referred to herein as the "Parties."

**WHEREAS,** PLAINTIFFS are the plaintiffs in the above captioned lawsuit against DEFENDANTS that is pending in the United States District Court for the Eastern District of New York (referred to as the "Lawsuit");

**WHEREAS**, in the Lawsuit, PLAINTIFFS asserted claims for, among other things, failure to pay wages pursuant to New York Labor Law ("NYLL") and the Fair Labor Standards Act ("FLSA");

**WHEREAS**, DEFENDANTS deny and continue to deny any and all claims of wrongdoing asserted in the Lawsuit;

**WHEREAS,** the Parties, in an effort to avoid the expenses, time demands and uncertainties involved in resolution of the Lawsuit, have reached an agreement to compromise and settle all disputes between them; and

1

1.    Preliminary Matters

Plaintiffs acknowledge that they have consulted with Spivak Lipton LLP regarding this Agreement and have considered carefully its advice.

2.    Mutual Release of Claims

2.1.    Plaintiffs fully and unconditionally release and forever discharge Defendants from any and all causes of action, suits, damages, claims, judgments, interest, attorneys' fees, liquidated damages, punitive damages, costs and expenses whatsoever relating to, or in connection with, any claims under the FLSA; any claims under NYLL; any claims under the New York Codes, Rules and Regulations, Articles 6, 7 and 19 of the NYLL; any claims pursuant to the New York State Minimum Wage Order for the Restaurant Industry, *et seq.* and the New York State Hospitality Wage Order, *et seq.*; any claims under any other federal, state or local wage and hour law; and any claims for reimbursement, wages, vacation or other leave time through the effective date of this Agreement (which shall be the date that the Court approves the terms of the Agreement).  This release does not bar a claim that a term of this Agreement has been materially violated.

2.2.    Defendants fully and unconditionally release and forever discharge Plaintiffs, from any and all causes of action, suits, damages, claims, judgments, interest, attorneys' fees, liquidated damages, punitive damages, costs and expenses whatsoever relating to, or in connection with, any claims under the FLSA; any claims under NYLL; any claims under the New York Codes, Rules and Regulations, Articles 6, 7 and 19 of the NYLL; any claims pursuant to the New York State Minimum Wage Order for the Restaurant Industry, *et seq.* and the New York State Hospitality Wage Order, *et seq.*; any claims under any other federal, state or local wage and hour law; and any claims for reimbursement, wages, vacation or other leave time

through the effective date of this Agreement (which shall be the date that the Court approves the terms of the Agreement).

This release does not bar a claim that a term of this Agreement has been materially violated.

3.    Termination of the Litigation

Plaintiffs agree to terminate, discontinue, and dismiss the Litigation in its entirety and in each and every respect, with prejudice and on the merits, and to cooperate and to take all necessary and appropriate action to accomplish same consistent with the terms of this Agreement.  In that connection, Defendants' counsel will execute and deliver to Plaintiffs' Counsel a Stipulation of Dismissal with Prejudice ("Stipulation") in the form of the attached **Exhibit A,** voluntarily dismissing the Litigation with prejudice and on the merits.  Plaintiffs' counsel agrees to file the fully-executed Stipulation immediately once all payments have been made in accordance with Section 4.1(b) below.

4.    Monetary Consideration

4.1.    The total monetary consideration to be paid by Defendants to Plaintiffs and Plaintiffs' counsel shall be $80,000.00 ("Total Settlement Amount") which shall be paid in the amounts and by the deadlines specified below.

(a)    Within fifteen (15) days of the Court's approval of the Settlement Agreement, Defendants shall make the first installment payment of $26,666.67.  This $26,666.67 payment shall be divided amongst the Plaintiffs as set forth in **Exhibit B** hereto.  The Agreement is expressly conditioned upon Defendants timely making the payment described in this Section 4.1(a).

(i) Should Defendants fail to make this initial payment of $26,666.67 in full as required by Section 4.1(a), then: this Agreement and all of its terms shall be null and void, and may not be

3

enforced by any of the Settlement Parties and, furthermore, Plaintiffs shall be entitled, without condition, to resume the Litigation, including but not limited to entry and execution upon the Confessions of Judgment set forth in **Exhibit C** hereto, provided that Plaintiffs first return any partial payments received from Defendants.

(b) Every thirty (30) days thereafter, Defendants shall make each of the twenty-three (23) installment payments in the amounts set forth in **Exhibit B**.

(c) All payments shall be post-dated and delivered to Spivak Lipton LLP located at 1700 Broadway, 21st Floor, New York, NY 10019, Attn: Hope Pordy, Esq., at the time the initial payment required under Section 4.1(a) is due.

(d) Plaintiffs acknowledge and agree that they have not relied upon the advice of any of the Defendants, or Defendants' attorneys, regarding the taxability of the amounts to be paid under this Agreement.  Plaintiffs further agree that to the extent that any federal or state taxes of any kind may be due or payable by Plaintiffs as a result of the Settlement Payment, Plaintiffs will be responsible for the payment of any and all such taxes.  Plaintiffs also agree that, should any taxing authority assess any taxes, penalties or interest against either Plaintiff as a result of the Settlement Payment, each Plaintiff will be solely responsible for the taxes, penalties, or interest, if any, which may be owed to any governmental agency as a result of the settlement payments. Simultaneously with execution of this Agreement, Plaintiffs shall execute W-9 Forms, and Plaintiffs' counsel shall also execute a W-9 and submit these forms to Defendants' counsel upon the Court's approval of the Settlement Agreement.

5.    Non-Admission of Liability

The execution of this Agreement shall not be construed as an admission of any liability whatsoever by the Defendants.

4

6.     Default or Late Payment

In the event Defendants fail to make the payments provided for herein, or a check fails to

clear (i.e., bounces), Plaintiffs shall provide Defendants with written notice of default and

provide a reasonable time to cure, which shall be five (5) business days following the notice of

default. At the time a payment is made upon delivery of the Default Notice to cure the default,

the payment due and owing under Section 4.1(b), as set forth in **Exhibit B, shall be**

**accompanied by an additional amount of $100.00 to reimburse for the time and costs of**

**each such bounced check and/or late payment**.  Should Defendants fail to cure within that

time frame, Plaintiffs may take any and all necessary legal action against Defendants, including

but not limited to entry and execution upon the Confessions of Judgment set forth in **Exhibit C**

hereto.

In the event Defendants fail to make the payments provided for herein: (a) each

Defendant shall be jointly and severally liable in the event of default, and (b) Defendants shall

pay Plaintiffs' reasonable attorneys' fees and costs associated with enforcement of the

Agreement.  Notwithstanding anything contained in this Section, all terms of this Agreement

remain conditioned on timely receipt of the initial payment to be made by Defendants as

described in Section 4.1(a) above.

7.     Miscellaneous

7.1.    Governing Law.  This Agreement shall be construed as a whole in accordance

with its fair meaning and in accordance with the laws of the State of New York (without regard

to its choice of law principles), as are applied to contracts to be performed wholly within the

State of New York.  The Parties expressly stipulate and agree that the United States District

Court Eastern District of New York shall retain jurisdiction over the matter for all purposes

including but not limited to an action brought by one or more Parties to enforce the terms of the Agreement and/or to allege a breach of the Agreement.

7.2.   Descriptive Headings.  The headings used herein are for reference only and shall not in any way affect the meaning or interpretation of this Agreement.

7.3.   Severability.  In the event that any one or more of the provisions of this Agreement shall be held to be invalid, illegal or unenforceable, the validity, legality and enforceability of the remainder of the Agreement shall not in any way be affected or impaired thereby. Moreover, if any one or more of the provisions contained in this Agreement shall be held to be excessively broad as to duration, activity or subject, including but not limited to the release set forth in Section 2 of this Agreement, such provisions shall be construed by limiting and reducing them so as to be enforceable to the maximum extent allowed by applicable law.

7.4.   Entire Agreement.  This Agreement represents the sole and entire agreement between the Parties and supersedes all prior agreements, negotiations and discussions between the Parties hereto, and their respective counsel, with respect to the subject matters covered hereby.

7.5.   Drafter of this Agreement.  In recognition of the fact that the Parties hereto had an equal opportunity to negotiate the language of, and draft this Agreement, the Parties acknowledge and agree that there is no single drafter of this Agreement and therefore, the general rule that ambiguities are to be construed against the drafter is, and shall be, inapplicable. If any language in this Agreement is found or claimed to be ambiguous, each party shall have the same opportunity to present evidence as to the actual intent of the Parties with respect to any such ambiguous language without any interference or presumption being drawn against any party.

6

7.6.    Amendments.   Any amendment to this Agreement must be in writing signed by duly authorized representatives of each of the Parties hereto and stating the intent of each party to amend the Agreement.  Any written changes must be approved by the Court.

7.7.    Counterparts.  This Agreement may be executed by each party in separate counterparts, each of which shall constitute an original and the sum of which shall constitute one document.

8.    Further Acknowledgments

8.1.    Plaintiffs understand and agree that they have a period of seven (7) days following the signing of this Agreement to revoke it.  Plaintiffs understand that in the event that they revoke this Agreement, it shall be null and void and of no force or effect on any party hereto prior to the expiration of the seven (7) day period.  Any revocation must be in writing and received by counsel for Taj of India Inc., d/b/a Taj Kabab King and Afsor Uddin:  Khalid M. Azam, Esq., Azam & Hertz LLP, Attorney for Defendants, 75-35 31st Avenue, Suite 201, Jackson Heights, NY 11370 Tel: 718-672-8115, Fax: 718-744-2300, Email: azamlaw@yahoo.com. Plaintiffs further understand that this Agreement shall not be effective or enforceable until the seven (7) day revocation period has expired without revocation.

Any notices relating to this Agreement shall be given in writing to counsel as set forth in the preceding paragraph or to successor counsel or a Party, if so designated (in a notice complying with this Section 8.1) by present counsel or one of the Parties.

8.2.    Plaintiffs acknowledge that Defendants have advised them to consult with an attorney before signing this Agreement and that this Agreement gives them the opportunity and encourage them to have this Agreement reviewed by an attorney.  Plaintiffs have consulted with Spivak Lipton LLP about this Agreement, and have considered carefully its advice.

**PLAINTIFF:**

**I AFFIRM THAT I AM SIGNING THIS SETTLEMENT AGREEMENT AND RELEASE WITH A FULL UNDERSTANDING OF ITS TERMS, THEIR HAVING BEEN TRANSLATED AND FULLY EXPLAINED TO ME IN BENGALI, AS NECESSARY.**

By: _Moklasur Rahman_

MOKLASUR RAHMAN

DATED: 03-28 , 2022

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

On the 28th day of March in the year 2022 before me, the undersigned personally appeared Moklasur Rahman , personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf which the individual acted, executed the instrument.

Signature and Office of individual
taking acknowledgment

GILLIAN COSTELLO
Notary Public, State of New York
No. 02CO6010637
Qualified in Kings County
Commission Expires Aug. 16, 2022

8

**PLAINTIFF:**

**I AFFIRM THAT I AM SIGNING THIS SETTLEMENT AGREEMENT AND RELEASE WITH A FULL UNDERSTANDING OF ITS TERMS, THEIR HAVING BEEN TRANSLATED AND FULLY EXPLAINED TO ME IN BENGALI, AS NECESSARY.**

By: ___Anwara Begum___
    ANWARA BEGUM

DATED: 03-28 , 2022

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

On the _28th_ day of March in the year 2022 before me, the undersigned personally appeared _Anwara Begum_ , personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in her capacity, and that by his signature on the instrument, the individual, or the person upon behalf which the individual acted, executed the instrument.

_____
Signature and Office of individual
taking acknowledgment

GILLIAN COSTELLO
Notary Public, State of New York
No. 02CO6010627
Qualified in Kings County
Commission Expires Aug. 10, 2022

9

**DEFENDANTS:**

**I AFFIRM THAT I AM SIGNING THIS SETTLEMENT AGREEMENT AND RELEASE WITH A FULL UNDERSTANDING OF ITS TERMS, THEIR HAVING BEEN TRANSLATED AND FULLY EXPLAINED TO ME IN BENGALI, AS NECESSARY.**

By: X _____
        AFSOR UDDIN

DATED: _3 – 28_ , 2022

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NEW YORK  )

On the _28_ day of March in the year 2022 before me, the undersigned personally appeared _AFSOR UDDIN_, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf which the individual acted, executed the instrument.

_____
Signature and Office of individual
taking acknowledgment

AFZAAL M SIPRA
Notary Public, State of New York
No. 02SI6335335
Qualified in Queens County
Commission Expires Jan. 4, 2024

**DEFENDANTS:**

**I AFFIRM THAT I AM SIGNING THIS SETTLEMENT AGREEMENT AND RELEASE WITH A FULL UNDERSTANDING OF ITS TERMS, THEIR HAVING BEEN TRANSLATED AND FULLY EXPLAINED TO ME IN BENGALI, AS NECESSARY.**

DATED: 3 - 28 , 2022            By: X _____

AFSOR UDDIN, AS PRINCIPAL OF TAJ
OF INDIA INC., d/b/a TAJ KABAB KING

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NEW YORK   )

On the 28 day of March in the year 2022 before me, the undersigned personally appeared AFSOR UDDIN , personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf which the individual acted, executed the instrument.

_____
Signature and Office of individual
taking acknowledgment

AFZAAL M. SIPRA
Notary Public, State of New York
No. 02SI6335335
Qualified in Queens County
Commission Expires Jan. 4, 2024

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOKLASUR RAHMAN and ANWARA BEGUM | |
| Plaintiffs, | **STIPULATION OF DISMISSAL** |
| | **19-cv-05922(KAM)(JRC)** |
| v. | |
| TAJ OF INDIA INC., d/b/a TAJ KABAB KING and AFSOR UDDIN, | |
| Defendants. | |

IT IS HEREBY STIPULATED AND AGREED by the parties herein that the above-entitled action, together with all cross-claims and counterclaims, be and the same is, hereby discontinued, with prejudice and without costs to any party and this stipulation may be filed with the Clerk of the Court upon satisfaction of all obligations set forth in the Settlement Agreement and Release as approved by this Court.

Dated: March _____, 2022

SPIVAK LIPTON LLP
1700 Broadway, 21st Floor
New York, NY 10019
Ph:  (212) 765-2100
Fax: (212) 765-8954
Email: hpordy@spivaklipton.com

By:_____
        Hope Pordy, Esq.

Azam & Hertz LLP
75-35 31st Avenue, Suite 201
Jackson Heights, NY 11370
Tel: 718-672-8115
Fax: 718-744-2300
Email: azamlaw@yahoo.com

By: _____ 03-28-2022
        Khalid M. Azam, Esq.

*Attorneys for Plaintiffs*

Law Office of Ali & Bains, P.C
189-10 Hillside Avenue
Hollis, NY 11423
Ph: (718) 544-8000
Fax: (718) 480-1244
Email: tbains@alibainsfirm.com

By:_____
          Tejinder Bains, Esq.

*Attorneys for Defendants*

# EXHIBIT B

*Rahman, et al. v. Taj of India, Inc., et al. 19-cv-05922*

Settlement Breakdown

| | | |
|---|---|---|
| **TOTAL SETTLEMENT AMOUNT** | $ | 80,000.00 |
| Costs | $ | 7,380.00 |
| Amount Net of Costs | $ | 72,620.00 |
| Attorneys' Fees | $ | 24,182.46 |
| Amount Apportioned to Plaintiffs | $ | 48,437.54 |

| | | |
|---|---|---|
| Spivak Lipton LLP (Attorneys' Fees + Costs) | $ | 31,562.46 |

| | | |
|---|---|---|
| Initial Payment | $ | 26,666.67 | |
| | $ | 16,260.00 | Spivak Lipton LLP (Attorneys Fees and Costs) |
| | $ | 10,406.67 | Plaintiffs |

**Payment Schedule**

| | Initial Payments | Months 2-16 | Months 17-23 | Totals |
|---|---|---|---|---|
| Moklasur Rahman | $ 10,406.67 | $2,535.39 | $ - | $ 48,437.54 |
| Spivak Lipton LLP (Attorneys' Fees + Costs) | $ 16,260.00 | $0.00 | $2,186.07 | $ 31,562.46 |

# EXHIBIT C

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

MOKLASUR RAHMAN and ANWARA BEGUM

Plaintiffs,

v.

TAJ OF INDIA INC., d/b/a TAJ KABAB KING and
AFSOR UDDIN,

Defendants.

---

AFFIDAVIT OF CONFESSION
OF JUDGMENT

**19-cv-05922(KAM)(JRC)**

STATE OF                                    )
                                            ) ss
COUNTY OF                                   )

Afsor Uddin, being duly sworn, deposes and says as follows:

1. I reside at _____, County of
   _____, State of New York.

2. I am the owner and Chief Executive Officer of TAJ OF INDIA INC., d/b/a TAJ
   KABAB KING.

3. I am a named defendant in *MOKLASUR RAHMAN and ANWARA BEGUM v. TAJ OF
   INDIA INC., d/b/a TAJ KABAB KING and AFSOR UDDIN*, Civil No. 19-cv-05922,
   filed on October 21, 2019 in the United States District Court Eastern District of New
   York (the "Litigation").  I am also signatory to a Settlement Agreement and Release
   dated March ___, 2022 (the "Agreement"), entered into by all parties in the Litigation
   for the purpose of resolving same.

4. Pursuant to ¶ 6 of the Agreement, each Defendant is jointly and severally liable to
   Plaintiffs *MOKLASUR RAHMAN and ANWARA BEGUM* (hereinafter the "Settling
   Plaintiffs") in the amount of $80,000.00 in the event of default.

5. The Agreement obligates me, along with certain other Defendants in the Litigation, to
   make payments to the Plaintiffs in the Litigation.  Such payments are to be made in

twenty-four (24) installments commencing within fifteen (15) days of the Court's approval of the Settlement Agreement and Release as set forth under Paragraph 4 of the Agreement.

6. In the event of a default that is not timely cured after written notice of default pursuant to ¶ 6 of the Agreement, I confess judgment herein and, authorize judgment to be entered against me in the sum total of $80,000.00 (less credit for any payments made under ¶ 4 of the Agreement), together with reasonable attorneys' fees and the costs attributed to enforcement of the Agreement against the Defendants, with any such credits and additions to be set forth in an affidavit of counsel for the Plaintiffs to be filed herewith, which shall also set forth the facts of the default without cure under ¶ 6 of the Agreement.

7. The undersigned submits to the jurisdiction of the Eastern District of New York, and authorizes the entry of judgment in the United States District Court Eastern District of New York, State of New York.


AFSOR UDDIN

By: X _____
Afsor Uddin, Individually, On Behalf of Himself


Sworn before me this
28 day of March, 2022

_____
NOTARY PUBLIC

AFZAAL M. SIPRA
Notary Public, State of New York
No. 02SI6335335
Qualified in Queens County
Commission Expires Jan. 4, 2024

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

MOKLASUR RAHMAN and ANWARA BEGUM

                Plaintiffs,

                v.

TAJ OF INDIA INC., d/b/a TAJ KABAB KING and
AFSOR UDDIN,

                Defendants.

---

**AFFIDAVIT OF CONFESSION
OF JUDGMENT**

**19-cv-05922(KAM)(JRC)**

STATE OF                   )
                            ) ss
COUNTY OF              )

Afsor Uddin, being duly sworn, deposes and says as follows:

1. I reside at _____, County of _____, State of New York.

2. I am the owner and Chief Executive Officer of TAJ OF INDIA INC., d/b/a TAJ KABAB KING, New York Corporation with an office at _____, and I am duly authorized to make this affidavit on its behalf.

3. TAJ OF INDIA INC., d/b/a TAJ KABAB KING, is a named defendant in *MOKLASUR RAHMAN and ANWARA BEGUM v. TAJ OF INDIA INC., d/b/a TAJ KABAB KING and AFSOR UDDIN*, Civil No. 19-cv-05922, filed on October 21, 2019 in the United States District Court Eastern District of New York (the "Litigation"). TAJ OF INDIA INC., d/b/a TAJ KABAB KING, is a signatory to a Settlement Agreement and Release dated March ___, 2022 (the "Agreement"), entered into by all parties in the Litigation for the purpose of resolving same.

4.  Pursuant to ¶ 6 of the Agreement, each Defendant is jointly and severally liable to Plaintiffs *MOKLASUR RAHMAN and ANWARA BEGUM* (hereinafter the "Settling Plaintiffs") in the amount of $80,000.00 in the event of default.

5.  The Agreement obligates TAJ OF INDIA INC., d/b/a TAJ KABAB KING, along with certain other individual Defendants in the Litigation, to make payments to the Plaintiffs in the Litigation.  Such payments are to be made in twenty-four (24) installments commencing within fifteen (15) days of the Court's approval of the Settlement Agreement and Release as set forth under Paragraph 4 of the Agreement.

6.  In the event of a default that is not timely cured after written notice of default pursuant to ¶ 6 of the Agreement.  I confess judgment herein and, authorize judgment to be entered against me in the sum total of  $80,000.00  (less credit for any payments made under ¶ 4 of the Agreement), together with reasonable attorneys' fees and the costs attributed to enforcement of the Agreement against the Defendants, with any such credits and additions to be set forth in an affidavit of counsel for the Plaintiffs to be filed herewith, which shall also set forth the facts of the default without cure under ¶ 6 of the Agreement.

7.  The undersigned submits to the jurisdiction of the Eastern District of New York, and authorizes the entry of judgment in the United States District Court Eastern District of New York, State of New York.

TAJ OF INDIA INC., d/b/a TAJ KABAB KING

By:_____

     Afsor Uddin, on behalf of
     TAJ OF INDIA INC., d/b/a TAJ
     KABAB KING Sworn before me this

28 day of March, 2022

NOTARY PUBLIC

AFZAAL M SIPRA
Notary Public, State of New York
No. 02SI6335335
Qualified in Queens County
Commission Expires Jan. 4, 2024